JAMES F. McKAY, III, Chief Judge.
| ,0:1 July 25, 2003, Geraldine Fredericks Cargo Etienne appeared at the office of *1225 Becky Cieutát, an attorney and notary in Chalmette, Louisiana, in order to execute her last will and testament using statutory form. In this document, Ms. Etienne left portions of her estate to three (JoAnn Cargo, Donald Cargo and Randell Cargo) of her five living children and named her daughter JoAnn Cargo as executrix. Ms. Etienne died on March 28, 2004. On August 10, 2005, JoAnn Cargo filed a petition to probate her mother’s will and to be placed in possession of the estate. The court accepted Ms. Cargo’s petition and ordered that the testament be probated that same day. Thereafter, the document was stored in the vault of the St. Bernard Parish Clerk of Court’s Office. On August 29, 2005, Hurricane Katrina made landfall and flooded the St. Bernard Parish Courthouse, including the vault where testaments were stored.
On June 21, 2007, Ms. Etienne’s surviving children (Joe Louis, Jr. and Terryl B. Cargo) and the children of her deceased child (Kurt Cargo and Curtis M. Cargo) who had been excluded from the will filed a “Motion for a Rule Nisi to pAnnul The Proces’ Verbal, Paraphing and Order Recording, Filing and Execution of The Last Will and Testament, Appoint Administrator and Attorney Fees and Cost.” They alleged that the document that purported to be and was recognized as the last will and testament of the decedent failed to have the required two signatures of witnesses to meet the statutory will form requirements as required by statute. They further alleged that the judgment of possession and order recognizing and recording the document as a statutory will must be annulled. Initially, the trial court set a hearing on the rule nisi for July 20, 2007. However, the hearing was continued until August 16, 2007. In the meantime, JoAnn Cargo filed a motion to substitute certified true copy of probated last will and testament on July 31, 2007. The trial court granted this motion that same day.[1] On August 16, 2007, the trial court pretermitted ruling on any issues set forth in the motion for a rule nisi pending further discovery and an evidentiary hearing. On November 25, 2008, Ms. Etienne’s descendants who had been excluded from the will filed a motion to quash and terminate order and judgment of July 31, 2007. On December 1, 2008, the trial court signed an order annulling and terminating retroactively to the date of signing of the alleged copy of original document entitled “last will and testament.” After a hearing on December 8, 2011, the trial court ordered that the motion to quash be denied and further ordered that the August 10, 2005 probated testament be replaced by the certified copy of that document. It is from this judgment that appellants now appeal.
|sOn appeal, the appellants raise the following assignments of error; 1) the trial court erred when (on August 10, 2005) it recognized and probated the original document as the statutory “Last Will and Testament” of decedent, Geraldine Fredericks Cargo Etienne, when this document failed to have the required signatures of two witnesses to the decedent’s and notary public’s signatures in each other’s presence as mandated for form under La. R.S. 9:2442, et seq.; 2) the trial court erred when it replaced the original “Last Will and Testament” with an alleged certified copy, where the evidence and testimony failed to establish destruction and/or damage of the original as required under the Louisiana Civil Code; and 3) the trial court erred in allowing into evidence and considering parole evidence in his reasons *1226 for judgment, without any testimony from the two alleged witnesses to the will, when the original will fails to have any reference to their names or their signatures.
At issue in this appeal is whether the trial court erred when it found that the last will and testament of Geraldine Fred-ericks Cargo Etienne properly bore the signatures of two witnesses at the time it was executed and admitted to probate. At the time appellants leveled their challenges to the testament, it appeared to have the signature of only one witness. The trial court, however, found that the will was sufficiently damaged in Hurricane Katrina to render it destroyed. In its reasons for judgment, the trial court took judicial notice that even Judges’ signatures had disappeared from several other documents stored in the Clerk’s Office. The trial |4court also relied on the testimony of Ms. Cieutat. She testified that she recalled the will signing and that two witnesses signed along with Ms. Etienne. Ms. Cieutat also provided a photocopy of the will from her own file and certified that it was a true and correct copy of the original. The copy shows the signature of a second witness. In all other respects, the copy seems to be identical to the original probated by JoAnn Cargo.
Whether the trial court properly probated the original will and later properly replaced it with a certified copy of that document are questions of fact. A court of appeal may not set aside a trial court’s finding of fact in the absence of manifest error or unless it is clearly wrong. Under the manifest error standard, in order to reverse a trial court’s determination of fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the fact finder is clearly wrong or manifestly erroneous. Stobart v. State through Dept. of Transp. And Development, 617 So.2d 880, 882 (La.1993), On review, an appellate court must be cautious not to reweigh the evidence or to substitute its own factual findings just because it would have decided the case differently. Ambrose v. New Orleans Police Dept. Ambulance Service, 93-3099, p. 9 (La.7/5/94), 639 So.2d 216, 221.
In the instant case, the original document was in the Clerk of Court’s vault at the St. Bernard Parish Courthouse during and after Hurricane Katrina. The will was visibly damaged and the trial court noted that this case of a signature disappearing after Katrina was not unique. The testimony of the attorney/notary in | ¡¡front of whom the document was executed as well as a copy of the document provided by her supports the theory that the original document had the signatures of two witnesses. In fact, but for the absence of the second signature on the original, the documents are identical. Therefore, there is no question as to the testator’s intent. Because the trial court deemed the original will destroyed (for which finding there is factual support) parole evidence was permissible to prove its existence. See La. C.C. art. 1832. Accordingly, we find nothing clearly wrong or manifestly erroneous in the trial court’s judgment.
For the above and foregoing reasons, we affirm the judgment of the court below.
AFFIRMED

. This motion was granted by Judge Manuel Fernandez; all other matters were before Judge Kirk Vaughn.